[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-15781
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 21, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-20438-CV-JLK

CHARLES MCDONELL,

                                                    Plaintiff-Appellant,

versus

ATTORNEY GENERAL,
Alberto Gonzales,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 21, 2005)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Appellant is a Caucasian male. He has been employed by the Federal Bureau of Prisons for approximately fifteen years; since November 1996, he has been employed as a GS-12 Facilities Manager at the Federal Correctional Institution in Miami-Dade County, Florida ("FCI-Miami"). He brought this action against appellee under Title VII of the Civil Rights Act of 1964, 42 § U.S.C. 2000e, et seq., alleging that he suffered employment discrimination due to the treatment he received at FCI-Miami from Michelle Elzie, who, as Associate Warden, served as his supervisor. The district court granted appellee's motion for summary judgment on the grounds that appellant failed to establish that he had "suffered an adverse job action," and that "similarly situated employees have been treated more favorable than him." Order dated September 29, 2004 at 4-5. Assuming that he established these elements, the court concluded that appellee "put forth legitimate non-discriminatory reasons to explain its actions" and that appellant failed to "provide sufficient evidence that Ms. Elzie's actions toward him were discriminatory in any way." Id. Appellant appeals the court's judgment, contending that material issues of fact precluded summary judgment.

Title VII makes it an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of

employment, because of such individual's race, color, religion, sex, or national origin. See Bass v. Board of County Com'rs, Orange County, Fla., 256 F.3d 1095, 1103 (11th Cir. 2001); see also 42 U.S.C. § 2000e-2(a). Appellant's Title VII case rests on circumstantial as opposed to direct evidence. We therefore evaluate his case under the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Under this framework, we first determine whether the employee has made out a prima facie case of discrimination. Id. at 802. To make out a prima face case, he must show that (1) he belongs to a racial minority; (2) he was qualified to do his job; (3) he was subjected to an adverse employment action; and (4) his employer treated similarly-situated employees outside his classification more favorably. Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). Once he establishes a prima facie case, the burden shifted to his employer who must "proffer a legitimate, non-discriminatory reason for the adverse employment action. The employer's burden is exceedingly light." Meeks v. Computer Assoc. Int'l., 15 F.3d 1013, 1021 (11th Cir. 1994). Once the employer proffers a legitimate, non-discriminatory reason, the employee—to survive summary judgment—"has to come forward with evidence, including the previously produced evidence establishing a prima facie case, sufficient to permit a reasonable

fact finder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997).

The parties' briefs focus on the third and fourth prongs of the prima facie case and on whether appellee's reasons for the challenged action are a pretext for discrimination. We need not address the third prong because, as the following discussion indicates, appellant failed to establish the fourth prong and pretext.

Appellant failed to satisfy the fourth prong of the prima facie case, namely, that similarly situated non-white employees were treated more favorably under nearly identical circumstances. He admitted that no other person at FCI-Miami performed duties that were the same or similar to his duties. In his brief, he contends that Elzie treated black females, who were department heads, more favorably. The record reveals that there were only two black females, Evelina Bradley and Charlotte McCann, who were managers of the departments and were immediately subordinate to Elzie. However, while appellant's duties as Facilities Manager involved the overall physical maintenance of FCI-Miami and supervision of construction projects, the head of Food Services (McCann, during the events in question), primarily oversaw the daily feeding of inmates, and the head of Financial Management (Bradley, during the events in question) oversaw the

4

accounting, budgeting, and similar financial functions of the prison. Furthermore, appellant's department had an overwhelming responsibility at FCI-Miami since it could "open or shut" any operation if work was not done timely and accurately. Accordingly, appellant's duties were not the same or similar to McCann's and Bradley's.

Furthermore, unlike appellant, who was the permanent head of the Facilities Department, McCann and Bradley headed their departments only briefly, in a temporary acting capacity. Moreover, when Bradley was in charge of the Financial Management Department, she shared her duties when required with two other members of the department. Thus, appellant has not shown that he was similarly situated to Bradley and McCann in terms of employment duties and positions. Moreover, he failed to demonstrate that McCann or Bradley, or any other black female employee, had job performance problems similar to his, namely, failure to follow the leave policy established by Elzie, constant difficulty meeting deadlines, and completing and prioritizing assigned tasks.

Even if we were to assume that appellant made out a prima facie case of racial discrimination, his claim nonetheless fails. Appellee articulated legitimate, non-discriminatory reasons for Elzie's actions towards him, namely, his constant inability to meet deadlines, his failure to comply with leave request procedures, his

problems with task prioritization, and inmate and staff accountability, and failure to comply with work orders and assignments. Appellant failed to establish that Elzie's articulated reasons were pretextual. Even though he disagrees with Elzie's assertions that he failed to carry out certain work orders or assignments, he did not present sufficient evidence indicating that Elzie's actions towards him were pretextual.

In sum, the record fully supports the district court's decision to grant summary judgment. The judgment is therefore

AFFIRMED.